Case number 201073, United States v. Raymond Alexander Garraway, and case number 201074, United States v. Cordwell Nathaniel Bennett. Attorney Velez, at this time, please introduce yourself to begin your argument. Yes, good morning and may it please the court. My name is Jose Velez on behalf of Appellant Raymond Garraway. I'm also designated attorney to present our argument on behalf of Appellant Cordwell Bennett. I would ask at this time to reserve three minutes for rebuttal. Three minutes? You may have two. That's fine, Your Honor. Two minutes for rebuttal then. Thank you. In this case, District Court committed error by denying Appellant's motion to dismiss the indictment in violation of the Double Jeopardy Clause under the Fifth Amendment of the United States Constitution after counsel for the government engaged in deliberate misconduct at the rebuttal, triggering Appellant's no option but to move for a mistrial. As to the facts relevant to this case, on March 15, 2016, Appellants were charged with conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute that amount of the same controlled substance on board a vessel subject to the jurisdiction of the United States. Trial began on August 30th of 2018. Appellant's main theory, known by the government, was that the barrels of marijuana found in the high seas did not originate from the vessel. Mr. Velez, the order which you omitted from your addendum perhaps deliberately, granting the motion for mistrial, concludes that the government did not deliberately engage in misconduct. It also concludes that there was sufficient evidence regardless to support a conviction, that there was certainly no way that one would say that the government misstatements of the evidence in closing, if they had not been made, that there were two stipulations that were argued by the government at rebuttal. And the district court flatly rejected your argument on mistrial that the first stipulation had been violated. Okay, are you seriously going to argue on appeal that that was error? No, we concede that the first, as to the first stipulation concerning the bales and the location, that was... Okay, on the second stipulation, what the court found was that the problem with what the prosecutor said was that he had not laid an evidentiary basis for it. And I would argue it went further than that, Your Honor. In essence, the government, what they did, what the prosecutor did at rebuttal, was strictly in contradiction to what the stipulation was agreed upon by the parties specifically. The stipulation carried an important emphasis... The fact that the reliability and the efficacy of the eye scan was not to be contested, not argued before the jury. Now, at the time of rebuttal, shortly before starting... Well, let me back up. Immediately after the defense concluded its summation, the government requested a break to go over the notes and review the notes. At that time, an objection was straightened. Nevertheless, the court did grant that break. We submit to the court that at that point, that is telling in terms of the government's intent. After listening... Okay, I'm sorry, but your argument seems to be that when the district court found that the government mistakenly thought that the evidence supported its argument and that that, though, was not deliberate misconduct. You seem to be premising your argument on that was clear error. And the standard of review, we do submit it's clear error. Now, this court is not going to... I beg your pardon? We believe that the standard of... I thought under these circumstances, it was abuse of discretion. I might be wrong. I stand corrected. It is abuse of discretion, not clear error. It is abuse of discretion. And in terms of abuse of discretion, this court is not bound to accept the district court factual findings that are not supported by the record. We submit that the record in this case does not support that the government's actions were made by mistake. They were made deliberately. Even if it was deliberate, then you also have to have us conclude that it was deliberate for the purposes of goading into a mistrial or alternately possibly that it was deliberate for the purposes of taking action to avoid an acquittal. But the record there, also the district court concluded that the record shows that an acquittal was not so likely that it would support a finding that that was the contention. And there's not any evidence that it was to goad for no finding that it was for the purpose of goading for mistrial. So you need us to reject the district court on a lot of points. But essentially what we would ask this court is to the district court got it partially right. The district court did conclude that the government's conduct was overreaching. It was deliberate. Now it did not believe it was intentional to provoke or to goad the defendants to move for a mistrial. The key element to be considered by this court is the timing when the government raised its misconduct. The government had an opportunity to address the jury initially upon summation, and the government did address two of the stipulations concerning the distance between the vessel and the bales, as well as the amount of marijuana that was found on those bales. It deliberately did not address the stipulations concerning the eye and scan reliability and efficacy. So here's what I guess, maybe you can tell me this. Just one last question. If the record provides reasonable support for the district court's conclusion that an acquittal was not likely in the offing, how are we going to be able to say what you would like us to say, which is that the district court's conclusion about the intentions of the prosecutor, either with respect to goading them into a mistrial or avoiding an acquittal, are in error? Because if the record supports the district court's conclusion reasonably that an acquittal wasn't in the offing, it seems pretty hard to see why the prosecutor at that Again, your honor, we respectfully disagree in terms of what the record shows. We believe the record shows that the defense was able to effectively counter the government's case in chief. So the key is that you think the record will show clearly that an acquittal was likely? Yes, sir. Yes, sir. I got it. Yes, sir. Yeah. Counsel, it was clear that the district court understood exactly what it had to find under Oregon v. Kennedy in order to conclude that the double jeopardy bar applied. You spend a fair amount of time in your brief pointing out that there were concurring opinions in Oregon v. Kennedy. State courts have not embraced through. Are you suggesting that we should not read Oregon v. Kennedy to state the controlling principle of law with respect to this double jeopardy issue? Why do you go into all of that? I guess that's my question. Your honor, the record in this case sustains both that the government's action was both misconduct that did justify a mistrial and it was intentional to provoke the appellants to move for a mistrial or the defendants to move for a mistrial. So to answer your question, your honor, still under Oregon v. Kennedy, if you apply the test, the record in this case still holds and prosecutorial misconduct warrants not only a mistrial but bars retrial under double jeopardy clause protection. That was non-responsive, counsel. That was totally non-responsive. Do you have anything to add? No. Just based on the timing that the government raised its misconduct in this particular case, given the circumstances, we would ask this court to vacate the district court's order, grant the interlocutory appeal, and dismiss the indictment in accordance with the protections afforded by the double jeopardy clause. Thank you. All right. Thank you. Thank you, Mr. Velez. Please mute your audio and video at this time. Attorney Sinha, you have a 10-minute response. Please go ahead and introduce yourself to begin the argument. Good morning, your honors. May it please the court, Javier Sinha on behalf of the United States. As your honors seem to have mentioned, the only question for this court in this case is whether the district court committed clear error in finding that the government did not have the supported by the record in this case was not clearly erroneous and supported by the district court's findings that first, the government presented sufficient evidence of the defendant's guilt so that a reasonable person would not believe an acquittal was likely. And second, the government believed it was arguing a reasonable inference from the evidence, and that argument was not made in bad faith. I want to quickly address the defendant's contention that the record here shows that an acquittal could have been likely. The government presented a video of the defendants throwing objects overboard from their vessel and also presented testimony that the vessel was found in an area of open water with no other vessels around for around 100 nautical miles with the marijuana only about five to seven miles away from the vessel and tied together with the same rope that was found on their vessel. So the district court's finding that an acquittal was not likely is well supported by the record here. Similarly, the court's findings that the government was arguing what it believed was a reasonable inference from the evidence was also supported. The government presented evidence. Excuse me, counsel, you're suggesting that I'm not sure this has anything to do with the position that you have to defend, but you're suggesting that the argument made here by the prosecution was a reasonable inference from the evidence? Are you really going to take that position? I mean, frankly, this struck me for what I gather was an experienced trial lawyer, an astonishing argument to make in light of the record and to suggest, and I don't know why you have to go there, but to suggest that this was a reasonable inference from the record, I think that's an astonishing argument to make. Are you really going to try to convince us that this was a fair, the argument made that because of the way in which these bails were wrapped, that that might explain why the ionscape did not detect the presence of marijuana residue on the boat or the person? Are you going to make that argument? Apologies, your honor, I may have misspoke. I meant to say the district court found that the government believed at the time that it was making a reasonable argument that was an inference. And so that was a finding the court made that the argument was not made in bad faith, but the prosecutor was arguing what he believed was a reasonable inference. And we believe the evidence supports that finding, at least, that the government believed at the time it was arguing a reasonable inference. I want to quickly address, if I can, the standard of review here. The court's determination that retrial is not barred is reviewed for abuse of discretion, but within that review, this court looks at finding the fact for clear error. And so at the bottom here, the question is a question of the government's intent, and that is a finding of fact reviewed for clear error. I'd like to also quickly discuss the timing of this misconduct. Is that true with respect to the likelihood of acquittal? Is that a factual finding? I believe it is, your honor. He found what a reasonable person would believe at the time. And so that seems to be a finding of fact that a person at the time would not believe that an acquittal was likely here. And so to the extent that that reflects the government's intent, that's a subsidiary finding of fact. I'm sorry, Judge Lopez. Go ahead. Please go ahead. That's fine. Go ahead. It would seem that the trial judge who had heard all of the evidence was in a superior position to assess whether this was on its way to an acquittal than an appellate court, which would support your finding of fact. But do you have a case on that point? I don't have a case on that point, your honor. I'm happy to provide one for the court after the argument if you'd like, but I believe it would be a finding of fact. And even if it's not a finding of fact, and I'm incorrect, I apologize to the court that's the case. But it is supported by the evidence, we believe, that we discussed earlier that we canvassed in our brief. And your honor is right. The district court is well aware of the context of the case, has lived with the case for a while, knows the parties, knows the attorneys. And for a fact-specific, context-dependent inquiry like the intent of the prosecutor during rebuttal, this court has said it will grant deference to district court's finding because of that. Counsel, can you give some background? I gather as a retrial approach, there was an attempt to enter into stipulations similar to those that accuracy of the honest scape machine, if that's the right word, based on a good science. And the government was unwilling to enter into those stipulations. That's correct. It would suggest that the government felt it had made a mistake in entering those stipulations the first time around, which would support an argument that they realized those stipulations had served them poorly. They were concerned that it might have resulted in an acquittal. Is that correct, the government is refusing to enter into the stipulations that were part of the first trial? Is that correct? It's actually the opposite, your honor. The government has moved in a district court to continue stipulations into retrial, and the defendants are the ones who don't want to be bound by stipulations any longer in retrial. Okay, all right. But am I right that part of the reason that they're not willing to be bound by the stipulations is the government now wants to add in evidence that it wasn't going to be able to argue in the past? The government has noted its intent to introduce expert testimony about the ion scan evidence. That's before a district court, and it has not yet determined whether or not that evidence will be admitted. Yeah, but that, I think it's the same basic thrust is the question that Judge Lopez has asked, which is that the government's kind of improved its position vis-a-vis where it under the old stipulations, and the defendant seeing that doesn't want those stipulations now. But I guess the question is, given that conduct by the government in this new proceeding, doesn't that lend some insight into what its intentions were in not following the stipulation the first time, which is that it was concerned that it was going to hurt it? I think it only helps in this case insofar as it sheds light, as your honor mentioned, on the government's intent at the time. I think, frankly, it doesn't shed any intent or light at all on that intent, because it's quite common, I think, and quite normal for both parties on retrial to make some changes in trial strategy. And so I don't think the court can look at the government's actions now and say that this sheds much light on the government's intent. If you could just say a couple sentences, what it was so strong about the government's case heading into the jury's deliberations that would support the idea that an acquittal was not likely. Absolutely, your honor. So as I mentioned, there's a video of the defendant throwing objects overboard from their vessel. The vessel was found in an area of open water, and was not surrounded by another vessel for about 100 nautical miles, maybe more. The marijuana was trailing the vessel by about five to seven nautical miles. The marijuana was tied together with rope, the same kind of rope that was used on the Captain Richards, which was the defendant's vessel. That's what I meant. The rope is the same on both the boat and the marijuana. Correct. There's no other evidence we discussed in our brief. Okay. Thank you, your honor. If there are no more questions, we will rest on our brief. Okay, thank you. Thank you. Attorney Sinha, at this time, if you could please mute your camera. And attorney Velez, you have a two-minute rebuttal. If you would come back and reintroduce yourself to begin. Yes, thank you, and I may please record again. I'd like to just focus on two things raised by the government concerning the evidence that was presented by the government in terms of the videos, the testimony, and the rope that was presented to the jury. In terms of the videos, the defense was efficient in being able to cast doubt in the jury's mind concerning the length of the video. Initially, that video was a two-hour video in which snippets of that video was shown to the jury. One of the defendants did testify and was able to bring testimony. The material or what was thrown overboard because of the voyage and the conditions of the seas at the time of the interdiction. Concerning the testimony of the Coast Guard members, there was also doubt that was brought forth by the defense in terms of their visibility, in terms of the distance between the main vessel of the Coast Guard and the interdiction to the vessel. What do you make of the rope being the same? Well, Your Honor, the rope, that's an excellent question. The rope, the defense effectively was able to question the government in terms of initially the Coast Guard members that identified the rope did not preserve or failed to preserve the alleged rope that was found on the boat, so that's non-existent. There was no side-by-side or any sort of comparison between the rope that was found tying the bails and the allegedly one found inside the vessel. So, based on those two arguments, the rope, the piece of evidence brought forth by the government concerning the rope, there was doubt in the jury's mind concerning whether or not that was the same rope. In terms of the stipulations concerning a retrial, the government essentially wants to do exactly the opposite of what was resolved in U.S. v. DeFrancesco, and that is to avoid the government to gain and learn strength and weaknesses to be able to have a conviction. In this particular case, if I may just finish the sentence, upon retrial, the government pretends to stipulate as to the ION scan with the exception of bringing forth expert testimony about the efficacy and the efficiency of the ION scan. And so, based on those arguments, again, I would ask the court to vacate the district court and discuss the indictment. Thank you, counsel. Thank you, your honors. That concludes our argument in this case. Attorney Velez, Attorney Rivera-Ortiz, and Attorney Sinha should disconnect from the hearing at this time.